No. 18,993.

THE STATE OF KANSAS, *Appellee*, v. HARRY JONES, BOB
PEOPLES, WITT HEREFORD and LEE HEREFORD, *Appellants.*

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed November
14, 1914. Affirmed.

*S. B. Amidon, D. M. Dale, Jean Madalene,* and *S. A.
Buckland,* all of Wichita, for the appellants.

*John S. Dawson,* attorney-general, *George McGill,*
county attorney, *Ross McCormick,* and *W. A. Blake,*
both of Wichita, for the appellee.

*Per Curiam:* The defendants were convicted of
maintaining a liquor nuisance, and appeal.

"Exhibit A" was positively identified by the writing
upon it by the witness who did the writing.

It is not important whether or not the single bottle
of whisky from "Exhibit B" which was introduced in
evidence were clearly identified. The proof was overwhelming
that great quantities of intoxicating liquor
had been found at the defendants' place of business and
seized there, and the introduction in evidence of one
unidentified half-pint bottle of whisky did not turn
the scale in the state's favor.

It was not error to sustain the objection to the question
asked the witness Sarver on cross-examination,
relating to his former testimony. There is nothing to
indicate that at the former trial he was interrogated
with reference to the particular matter inquired about,
and there is nothing to indicate that he was under any
duty to volunteer testimony at the former trial. The
court's discretion over the limits of cross-examination
was not abused in other instances complained of.

The remark of the court: "Gentlemen, this has already been answered and explained. You have gone into this thing far enough," was appropriate and was true. It indicated merely that the ground had been covered and that the witness's explanation had been given, and it can not be tortured into a comment on the weight and credibility of the evidence.

The evidence relating to the upstairs room, its connection with the lower room, and what was found in it, was competent, relevant and material.

It was of no consequence whatever in this case whether or not the police officers, who frequently raided the defendants' place and always found liquor there, carried warrants at such times.

The only error committed by the court in connection with the examination of the witness Barnes consisted in striking out his testimony. The right of the court to examine the witness was vindicated in the case of *The State v. Keehn,* 85 Kan. 765, 118 Pac. 851. The occasion was one for the exercise of the right and it was exercised with due propriety. At the close of the examination those portions of the testimony elicited which were damaging to the defendants were stricken out, and the court is unable to discover any reasonable ground for devoting thirteen printed pages of the abstract and nine printed pages of the brief to the subject.

The state's case was well established by direct proof that the place was a nuisance and that the defendants were the keepers, and the court followed the settled law of the state in refusing to give the instruction concerning circumstantial evidence which the defendants asked.

The remarks of the county attorney merely embodied his view of the facts as established by the evidence, and after a careful perusal of the abstract this court is of the opinion that the remarks were fully justified by the evidence.

The judgment of the district court is affirmed.